BAKER, Judge
(dissenting):
The question presented is whether the offense of wrongful introduction of a controlled substance onto a military installation requires actual knowledge that one is entering a military installation. The majority concludes that the statute requires actual knowledge that one is entering or present on a military installation in order to be guilty of the offense. Because I conclude that this offense does not require such knowledge, I respectfully dissent.

Legal Framework

As a general matter, a criminal offense requires one of three measures of intent: (1) specific intent (in which case an honest mistake of fact is a defense); (2) general intent (in which case an honest and reasonable mistake of fact is a defense); or (3) no requirement of intent, sometimes referred to as strict liability, as drawn from civil tort law terminology (in which case the mistake of fact defense does not apply). Notably, Justice Stevens rightly observes that the term “strict liability” may be inaccurate, as in the case of public welfare offenses, because even those offenses require knowledge that one is dealing with an inherently dangerous substance or activity, although they may not require actual knowledge of all the facts. Staples v. United States, 511 U.S. 600, 628 n. 9, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (Stevens, J., dissenting).

Application

Article 112a,[1] states, in relevant part:
Any person subject to this chapter who wrongfully uses, possesses, manufactures, distributes, imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subjection (b) shall be punished as a court-martial may direct.
We know from the text of Article 112a, UCMJ, that Congress intended these offenses as general intent offenses. However, we also know that Congress was not specific as to which element or elements of the offenses are general intent elements and which, if any, are not.
It is well-settled that different elements within a statute can require different measures of intent. Staples, 511 U.S. at 609, 114 S.Ct. 1793. In the case of wrongful use or possession, for example, this Court has long held that an accused need not have actual knowledge of the particular controlled substance used or possessed. Rather, he need only have knowledge of his use or possession and he need only have knowledge of the *138 contraband nature of what he used or possessed. Manual for Courts-Martial, United States pt. IV, para. 37.c. (2005 ed.) (MCM). As a general rule, where a criminal statute is silent as to intent, the statute should be presumed to require general intent. Relying on the strength of the traditional rule, the Supreme Court has stated that “offenses that require no mens rea generally are disfavored,” and it has suggested that “some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.”[2] Id. at 606, 114 S.Ct. 1793. Restated, in military practice, the absence of a mens rea requirement must be clearly indicated in the statutory language or in the President’s implementation of the UCMJ through the MCM. Otherwise, an accused would not be placed on fair notice of the threshold for criminal conduct.[3]
In the case of introduction, the accused must have the criminal intent to “wrongfully ... introduce [drugs] into an installation.” Article 112a, UCMJ. But Congress did not specify whether the accused must knowingly intend to introduce into an installation, whether the term “wrongfully” incorporates knowledge of location, or whether an accused must merely have the criminal intent to commit a wrongful act.
The President has further defined the term “wrongfully,” as well as the elements of offenses under Article 112a, UCMJ. In the context of the UCMJ, it is well-established that, unless otherwise precluded from doing so, the President can define elements of offenses pursuant to Congress’s delegation of authority under Article 36, UCMJ, 10 U.S.C. § 836,[4] provided that the exercise of such authority is neither contrary to nor inconsistent with the provisions of the UCMJ. This is the case, for example, with regard to the general article, Article 134, UCMJ, 10 U.S.C. § 934.[5] Presumably, the majority would not take issue with the authority of the President, pursuant to Article 36, UCMJ, to define new offenses and elements under Article 134, UCMJ. Therefore, the question presented in this ease is whether or not the President intended a mens rea requirement to apply specifically to the element involving the introduction of a controlled substance onto an installation. Further, and in any event, the question is whether the President’s intent is clear and whether it is consistent with the statutory language of Article 112a, UCMJ.
The President has defined the elements of this offense in paragraph 37 of the MCM:
(4) Wrongful introduction of a controlled substance.
(a) That the accused introduced onto a vessel, aircraft, vehicle, or installation used by the armed forces or under the control of the armed forces a certain amount of a controlled substance; and
(b) That the introduction was wrongful.
MCM pt. IV, para. 37.b.(4).
The explanation to Article 112a, UCMJ, states, inter aha, that the introduction of a controlled substance is not wrongful if such *139 act or acts are: “(A) done pursuant to legitimate law enforcement activities ...; (B) done by authorized personnel in the performance of medical duties; or (C) without knowledge of the contraband nature of the substance ...” MCM pt. IV, para. 37.c.(5). “[Introduction ... of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary.” Id. In paragraph 37.c.(ll), the explanation states in full that “[a]n accused who consciously avoids knowledge of the presence of a controlled substance or the contraband nature of the substance is subject to the same criminal liability as one who has actual knowledge.” Deliberate ignorance of one’s presence on a military installation is not addressed.
With respect to the elements of wrongful introduction, there is no mens rea requirement indicated for the first element “[t]hat the accused introduced onto [a]n ... installation a certain amount of a controlled substance.” Id. at para. 37.b.(4)(a). There is a mens rea requirement included with the second element — “That the introduction was wrongful.” Id. at para. 37.b.(4)(b). Wrongful is defined as an act without legal justification or authorization and, as mentioned above, the President has delineated in paragraph 37 the legal justification and authorization that negates wrongfulness. As with legislative drafting, the President has acknowledged the distinction between the two elements by separating the mens rea element apart from the element addressing geographic locus.[6] Therefore, I would conclude that, while the offense is one of general intent, the element requiring the introduction of a controlled substance onto a military installation does not contain a mens rea requirement.[7]
By defining and explaining the term wrongfulness in paragraph 37 of the MCM, the President addressed the knowledge requirement for the offense by expressly setting forth the particular knowledge capable of negating wrongfulness. This requirement is consistent with the general intent legislated by Congress. Appellant in this case did not claim during the plea inquiry that he was “without knowledge of the contraband nature of the substance.” For these reasons, the military judge was not required to explore a mistake of fact defense and Appellant’s plea was provident.

. Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000).

. In the case of certain statutory offenses, the Supreme Court has recognized greater leeway in interpreting statutory intent. Indeed, it has recognized the doctrine of strict liability in cases of “public welfare offenses.” Staples, 511 U.S. at 607, 114 S.Ct. 1793. The Supreme Court has reasoned that:
as long as a defendant knows that he is dealing with a dangerous device of a character that places him "in responsible relation to a public danger,” he should be alerted to the probability of strict regulation, and we have assumed that in such cases Congress intended to place the burden on the defendant to “ascertain at his peril whether [his conduct] comes within the inhibition of the statute.”
Id. (citations omitted).

. The Court of Criminal Appeals resolved this question by engaging in legal policy rather than legal analysis, concluding that "In the absence of specific guidance in the UCMJ and Manual for Courts-Martial, as well as a lack of case law on the issue before us, we adopt a similar strict liability approach to the offense of wrongful introduction.” United States v. Thomas, No. NMCCA 200401690, 2005 CCA LEXIS 404, at *14, 2005 WL 3591169, at *5 (N.M.Ct.Crim.App. Dec. 19, 2005) (unpublished). Of course, if the UCMJ and the MCM lack guidance on this point, then we should presume that the offense and the element in question require general intent, both as a matter of interpretive presumption and as a matter of lenity.

. 10 U.S.C. § 836 (2000).

. 10 U.S.C. § 934 (2000).

. Although not determinative in this case, this interpretation of the statute is consistent with the Supreme Court's approach to statutory public welfare offenses. In the words of the Court:
Public welfare statutes render criminal "a type of conduct that a reasonable person should know is subject to stringent public regulation and may seriously threaten the community’s health or safety.” Thus, under such statutes, "a defendant can be convicted even though he was unaware of the circumstances of his conduct that made it illegal.”
Staples, 511 U.S. at 629, 114 S.Ct. 1793 (Stevens, J., dissenting) (quoting Liparota v. United States, 471 U.S. 419, 433, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985)). Clearly, there are sound public policy reasons to treat the introduction of controlled substances onto military installations and facilities in the same manner.

. The majority does not address this elements argument. Instead, they simply state that “there is nothing in the legislative history of the statute that indicates a congressional intent to impose criminal liability without mens rea for this offense.” Agreed. As both dissents state, Article 112a, UCMJ, is a general intent statute. The question is to which elements does that general intent attach? While Congress has not answered that question, the President has, and he has done so in a clear manner that is not inconsistent with the statutory language.